STATE OF NORTH CAROLINA v. TALMADGE H. INNMAN

No. 7125SC176

(Filed 28 April 1971)

**Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**

      In a prosecution charging defendant with housebreaking and felonious larceny, the State's evidence was sufficient to withstand defendant's motion for a directed verdict of not guilty.

APPEAL by defendant from *McLean, J.,* 19 October 1970 Session, CALDWELL Superior Court.

By indictment proper in form, defendant was charged with house breaking and felonious larceny. He pleaded not guilty but was found guilty as charged. Defendant testified in his own behalf and on cross-examination admitted that he had theretofore been convicted of numerous felonies for which he had served prison terms. These offenses included store breaking, larceny of automobiles, armed robbery, violation of the National Fire Arms Act, and two or three convictions for escape. From judgment imposing two consecutive prison sentences of from nine to ten years, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*L. H. Wall for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial court to grant his timely made motion for a directed verdict of not guilty. The evidence presented at trial, considered in the light most favorable to the state, tended to show:

While the owners were away, the rural home of Joe and Lewis Wilker was broken into and entered and considerable personal property, including a television set and a radio, was stolen. Due to heavy rains prior to the burglary, police found clear mud-grip tire tracks, as well as men's shoe tracks, around the house; they also found a heel from a man's shoe. The day following the burglary, defendant was seen driving a truck belonging to his brother, and the truck was equipped with mud-grip tires which made tracks similar to those found at the

---

Wilker home. At defendant's residence, police found a pair of shoes with a heel missing; the shoes made tracks similar to those found at the Wilker home. All of the stolen property except the television set was found at the home of defendant's brother, and the brother stated that defendant had brought it there. The television set was found at the home of a third party who testified that he received it from defendant in trade for a radio. The Wilkers did not give defendant permission to enter their home. After having been advised of his rights, defendant admitted to police officers that he "stole the stuff from the Wilker house."

Suffice to say, the evidence was more than sufficient to survive defendant's motion for a directed verdict and the assignment of error relating thereto is overruled.

Defendant's remaining assignments of error relate to the admission of certain testimony and the court's charge to the jury. We have carefully considered each of these assignments, but finding them without merit, they are overruled.

The defendant received a fair trial, free from prejudicial error, and the judgment imposed was within the limits prescribed by statute.

No error.

Judges CAMPBELL and GRAHAM concur.